# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

VS.    CASE NO: 6:16-cr-166-Orl-18GJK

**RITA GRAY**

## ORDER

This cause came on for consideration on Defendant Rita Gray's ("Gray") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion") (Doc. 50), to which Plaintiff United States of America responded in opposition (Doc. 52). For the reasons that follow, the Motion will be denied.

## I. BACKGROUND

On May 17, 2017, the Court sentenced Gray to a term of 120 months imprisonment for Conspiracy to Import 5 Kilograms or more of Cocaine into the United States, in violation of 21 U.S.C. §§ 960(a)(1) and 963. (*See* Doc. 37 at 1-2.) Currently, forty year old Gray is incarcerated at FPC Alderson in Alderson, West Virginia, with a projected release date of July 11, 2025. *See* Bureau of Prisons Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on August 5, 2020). Gray now requests that she be permitted to continue her sentence on home confinement due to her concerns over a COVID-19 outbreak at the facility where he is incarcerated.

## II. LEGAL STANDARD

The Bureau of Prisons ("BOP") is solely responsible for determining an inmate's place of incarceration to serve a sentence imposed by a court. *See* 18 U.S.C. § 3621(b). The BOP has statutory authority to place inmates in home confinement, including the ability to place inmates in home confinement during the last six (6) months or ten (10) percent of a sentence, whichever is

shorter, and to move elderly and terminally ill inmates to home confinement. 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). On March 26, 2020, the United States Attorney General directed the Director of the BOP, in the appropriate circumstances, to prioritize the use of statutory authority to place inmates on home confinement. *See* https://www.bop.gov/resources/news/pdfs/ 20200405_covid-19_home_confinement.pdf (last accessed on August 5, 2020). Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, March 27, 2020, 134 Stat. 281, the BOP may "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. Pub. L. No. 116-136, § 12003(b)(2). The Attorney General gave the BOP Director the authority to exercise this discretion, with an initial focus on facilities that have seen the greatest incidence of COVID-19 transmission. *See* https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_ april3.pdf (last accessed August 5, 2020).

Importantly, courts do not have the authority to direct the BOP to place a defendant in home confinement. *See United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020) (district courts lack jurisdiction to grant early release to home confinement pursuant to Second Chance Act). Instead, courts have the authority to modify a term of imprisonment under specific circumstances enumerated in 18 U.S.C. § 3582(c), which contemplates reductions in sentence length. *See* 18 U.S.C. § 3582(c). As provided by § 3582(c)(1)(A), courts have statutory authority to reduce a term of imprisonment upon finding that "extraordinary and compelling circumstances warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling circumstances" include terminal illness or a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison, among other circumstances. *See* USSG

§ 1B1.13 cmt. n.1(A)(ii). A court should only grant a motion for release based on "extraordinary and compelling circumstances" after consideration of the factors set forth in 18 U.S.C. § 3553(a) and after specifically determining that the defendant is not a danger to the public. *See* 18 U.S.C. § 3582; USSG § 1B1.13. Under § 3582(c), as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

### III. ANALYSIS

Gray asks the Court "to modify her remaining sentence of 60 months to be served on home confinement pursuant to [§] 3582(c)(1)(A) due to extraordinary and compelling circumstances." Doc. 50 at 1.) Gray alleges that she suffers from thyroid issues and "has been prescribed corticosteriods [sic] due to other medical issues dealing with her lower back, thigh, muscle spasms, shoulder, and arm." (*Id.* at 8.)

As to any request for a reduction in her sentence based on the Court's ability to grant compassionate release, Gray has failed to exhaust her administrative remedies regarding same. Although Gray has sought administrative remedies, her request was sent fewer than thirty (30) days prior to filing the Motion. (*See* Doc. 52-1.) Even if Gray exhausted her administrative remedies prior to filing the Motion, she fails to demonstrate that she has a medical condition that satisfies the requirements for compassionate release. Additionally, no open cases of COVID-19 were reported at FPC Alderson as of August 5, 2020. *See* Bureau of Prisons COVID-19 at https://www.bop.gov/coronavirus (last accessed on August 5, 2020). Further, the Court is not

persuaded that Gray's needs will not be met while housed at FPC Alderson, even if a COVID-19 outbreak occurs at the facility. Additionally, Gray's request to continue her sentence on home confinement would not reduce her sentence length and does not fall under the purview of 18 U.S.C. § 3582(c)'s limited grant of authority to the Court to modify a sentence post-conviction.

## IV. CONCLUSION

Potential COVID-19 exposure is not an extraordinary and compelling reason to grant release under Gray's circumstances, the Court does not have the authority to order that the remainder of Gray's sentence be served on home confinement, and a reduction in Gray's sentence is not otherwise merited. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant Rita Gray's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion") is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, this \_\_\_6\_\_\_ day of August, 2020

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record
Unrepresented Parties